UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 2:21-29-DCR

UNITED STATES OF AMERICA											PLAINTIFF

V.							PLEA AGREEMENT

KEVIN R. WELSCH											DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to an Information, charging violations of 18 U.S.C. § 1343 (Wire Fraud) and 26 U.S.C. § 7201 (Tax Evasion).

2. The essential elements of wire fraud are:

    (a) The Defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

    (b) The Defendant acted with the intent to defraud; and

    (c) In the course of carrying out the scheme, the Defendant transmitted – or caused to be transmitted – any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce.

3. The essential elements of tax evasion are:

    (a) The Defendant committed an affirmative act constituting an attempt to evade or defeat a tax or the payment thereof;

    (b) Resulting in an additional tax due and owing; and

    (c) The Defendant did so willfully.

4. As to the crimes charged, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) The Defendant is employed as a debt collector. In 2011, he started RCC Services, LLC, which is a nationwide debt collection agency that he co-owns and solely operates. RCC is located at 654 Highland Avenue, Suite No. 15, Fort Thomas, Kentucky 41075.

    (b) The Defendant contracts with creditors ("clients") to collect debts on their behalf. Pursuant to these contracts, the Defendant is obligated to remit to the creditor-client the amount collected minus his fee. The Defendant's fee is determined by the age of the debt. If the debt is less than one year old, the Defendant's fee is between 20% and 29%. If the debt is more than one year old, the Defendant's fee is between 45% and 50%.

    (c) The Defendant collects payments from debtors (1) electronically; (2) by check and money order; and (3) in cash. If the Defendant collects a debt electronically, he does so via Automated Clearinghouse (ACH) or wire transfers facilitated by BillingTree, a third-party ACH-processing company; those payments are then deposited into RCC's bank account.

    (d) In March 2018, one of Welsh's clients contacted the Fort Thomas Police Department (FTPD) and advised that the Defendant owed her money. When interviewed, the Defendant acknowledged as much and promised to pay the creditor what he owed her; he failed to do so. After receiving multiple, similar complaints from other creditors, FTPD sought assistance from the Federal Bureau of Investigation (FBI) and Internal Revenue Service's Criminal Investigation Division (IRS-CID).

    (e) Search warrants were executed at the Defendant's home and office (RCC Services) in April 2019. An analysis of RCC's bank records revealed that, between January 1, 2013 and December 31, 2018, the Defendant collected approximately $837,111 from debtors, but paid only approximately $64,073 to creditors, far less than what was owed. As a result, the Defendant defrauded both debtors and creditors. The creditor never received its percentage of the money that the Defendant collected per the contract; and the debtor never received credit toward its balance. The debtor's credit history was also adversely affected because it continued to reflect late payments and unpaid debt.

(f) The Defendant admits devising and executing a scheme to defraud creditors and debtors by: (1) collecting full and/or partial payments from debtors and failing to pay creditors their percentage; (2) misrepresenting to creditors that he was unsuccessful at collecting a debt when, in fact, he was successful; and (3) collecting money from creditors for legal fees/expenses that he never actually incurred. Further, he defrauded from debtors by: (1) making multiple electronic funds transfers (EFTs) withdrawals/debits from a debtor's bank account without authorization; (2) collecting money from a debtor and failing to advise or remit payment to the creditor, thereby forcing the debtor to pay a second time, often to the creditor directly; and (3) misrepresenting to debtors that he had forwarded their payments to their creditors when, in fact, he had not. One such debtor was Manga I, Inc., from whose account he made 308 unauthorized withdrawals (totaling over $120,000).

(g) The Defendant further admits that (1) he used the money he misappropriated from clients and debtors for personal gain, and (2) he used RCC's account to pay personal expenses, in an attempt to disguise them as business expenses and to evade the assessment of personal federal income taxes. Finally, the Defendant admits that he failed to file income tax returns for the tax years 2013 through 2018. As a result, the tax due and owing is $51,384 (for 2013), $35,993 (for 2014), $32,746 (for 2015), $50,997 (for 2016), $16,780 (for 2017), and $30,424 (for 2018).

5. The statutory punishment for Count 1 not more than 20 years imprisonment, $250,000 fine, and 3 years supervised release. The statutory punishment for Count 2 is not more than 5 years imprisonment, $250,000 fine, and 3 years supervised release. A mandatory special assessment of $100 per felony count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, will determine the Defendant's guidelines range.

  (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts contained in paragraph 4.

  (c) For Count 1, pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level is 7.

  (d) Pursuant to U.S.S.G. § 2B1.1(b)(1)(H), increase the offense level by 14 levels because the loss exceeded $550,000.

  (e) Pursuant to U.S.S.G. § 2B1.1(b)(2)(A), increase the offense level by 2 levels because the offense involved 10 or more victims.

  (f) For Count 2, pursuant to U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1, the base offense level is 16 because the tax loss is more than $100,000 but less than $250,000.

  (g) Pursuant to U.S.S.G. § 2T1.1(b)(1), increase the offense level by 2 levels because the Defendant failed to report income exceeding $10,000 in any year from criminal activity.

  (h) Pursuant to U.S.S.G. §§ 3D1.2 and 3D1.3(b), because Counts 1 and 2 are grouped together and involve offenses of the same general type to which different guidelines apply, the offense guideline that produces the highest offense level applies. In this case, that guideline is § 2B1.1.

  (i) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

  (j) Pursuant to U.S.S.G. § 5E1.1, restitution is applicable as follows:

| Restitution owed to IRS | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 |
| --- | --- | --- | --- | --- | --- | --- |
| Total tax due and owing | 51,384.00 | 35,993.00 | 32,746.00 | 50,997.00 | 16,780.00 | 30,424.00 |
| Penalties and interest | 75,338.86 | 50,434.39 | 43,298.96 | 60,542.77 | 17,593.49 | 27,339.65 |
| Total: | 126,722.86 | 86,427.39 | 76,044.96 | 111,539.77 | 34,373.49 | 57,763.65 |

Restitution to individual creditors will be determined by the time of sentencing.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant waives the right to appeal the guilty plea, conviction, and any sentence that is within or below the advisory Guideline range as finally determined by the Court. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in

connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

Date: 5/27/21   By: Elaine K. Leonhard
Assistant United States Attorney

Date: 5-27-2021

Kevin R. Welsch
Defendant

7

Date: 27 MAY 2021

_____
Robert K. McBride
Attorney for Defendant

**APPROVED**, this _____ day of _____, _____.

_____
UNITED STATES DISTRICT JUDGE

8