**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON**

**CRIMINAL ACTION NO. 2:21-CR-029-DCR-01**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF,**

**V.**                    **<u>DEFENDANT'S SENTENCING MEMORDUM</u>**

**KEVIN R. WELSCH**                                                            **DEFENDANT.**

**\* \* \* \* \***

Comes now, Kevin R. Welsch, by and through counsel, and submits the following in support of a downward variance from the sentencing guidelines. Mr. Welsch seeks a variance from the properly determined guideline range for imprisonment.

In fashioning a sentence, the Court must weigh the properly calculated guidelines and with the factors set forth in 18 U.S.C. § 3553. The Court must begin determining the proper guidelines. Here, both parties dispute the application of U.S.S.G. § 3B1.3 [Abuse of Position of Trust]. Mr. Welsch was not in a position of trust vis-à-vis his clients.

A two level enhancement is applied to the offense level "[i]f the defendant abused a position of public or private trust … in a manner that significantly facilitated the commission or concealment of the offense…." *Id*. The rational for the enhancement is to account for the breach of a fiduciary relationship. *United States v. Gilliam*, 315 F.3d 614, 618 (6th Cir. 2003). A position of trust is "characterized by substantial discretionary judgment which is given ordinarily given considerable deference." *United States v. Brogan*, 238 F.3d 780, 783 (6th Cir. 2001).

In the instant matter, Mr. Welch entered into contracts to collect debts for various business dba RCC Services. Mr. Welch was not vested with any fiduciary duty to his contractors. As noted in the victim statement submitted by Gregory S. Miller, Mr. Welsch contracted to collect debts his clients could not. In Mr. Miller's case the accounts were "dead end private pays," meaning the debtor has skipped town or actually died. Mr. Welsch attempted to collect those debts from his client's debtors. In several instances, the debtor paid Mr. Welsch's client directly. His client then paid Mr. Welch his contracted fee, which was based on the amount recovered and age of the debt. In other instances, Mr. Welsch collected the amount due, and paid the amount due minus his fee to his client. At best, Mr. Welsch merely handled the money that he collected for his clients. Importantly, Mr. Welsch's duties were limited by his contract with the client. Therefore, Mr. Welsch was not in a position of trust. *United States v. Brogan*, 238 F.3d 780, 783 (6th Cir. 2001) (Holding administrating property versus handling property is "indicative of the proper use of the enhancement"). In essence, Mr. Welsch simply stole the money he collected by withholding it from his clients. He did not have a fiduciary relationship with his clients. Therefore, U.S.S.G. § 3B1.3 does not apply in this case.

The over-riding operative principle a court must follow when sentencing a defendant is found in 18 U.S.C. § 3553(a). The statute states, in part, "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of paragraph (2)..." 18 U.S.C. § 3553(a). Those purposes are: 1) the need to reflect the seriousness of the offense; 2) to afford adequate deterrence to criminal conduct; 3) to promote respect for the law; 4) to protect the public from further crimes of the defendant; and 5) to provide the defendant with education, training, medical care, and other treatment in the most effective manner. 18 U.S.C.

§3553(a)(2)(A)-(D). The following addresses several of the factors and their application to the Defendant's case:

    1.    <u>Nature and circumstances of the offense and the history and characteristics of the defendant.</u>

First and perhaps foremost under 18 U.S.C. § 3553 is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). As shown in the PSR, Mr. Welsch had a good upbringing. What does not necessarily shine through in the PSR is Mr. Welsch's devotion and love for his family. Mr. Welsch is a devout family man, who above all else wants the best for his three children and wife, Melissa. *See attached* Exhibit A.

Initially, when Mr. Welsch started RCC Services, LLC he saw it as a means to provide a good lifestyle to his family. Unfortunately and admittedly, Mr. Welsh's medical history and ailments do not allow him to successfully manage a business. In 2006, Mr. Welsch was evaluated by Dr. Nancy Schmidtgoessling in relation to a worker's compensation claim. Dr. Schmidtgoessling concluded the following:

> Based upon the results of the evaluation, it is my opinion the claimant is able to understand simple one and two-step job instructions. His ability to remember and follow through on such is severely impaired. His ability to maintain concertation and attention is severely impaired. His ability to relate to co-workers and supervisors is severely impaired. His ability to tolerate the normal stresses and pressures of a jobsite is severely impaired.

*See attached* Exhibit B.

Mr. Welsch seeks, and U.S.S.G. § 5K2.13 allows for, a defendant who has committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary drug use to receive a downward departure, if the reduced mental capacity contributed to the commission of the offense and the defendant's criminal history does not indicate a need for incarceration to protect the public. U.S.S.G. § 5K2.13. Amendments to the

sentencing guidelines have defined "significantly reduced mental capacity" to include cognitive impairments (the inability to exercise the power of reason) and volitional impairments (an inability to control behavior that the person knows is wrongful). *United States v. Sadolsky*, 234 F.3d 938, 942 (6th Cir.2000) (holding a gambling addiction could be basis for §5K2.13 departure downward) citing *United States v. McBroom*, 124 F.3d 533 (3d Cir.1997) (downward departure may be warranted despite his ability to process information, to reason, and to understand right and wrong).

As a child, Mr. Welsch was diagnosed with Attention Deficit Hyperactive Disorder and Tourette's syndrome. In 2005 while working for Kroger, Mr. Welsch suffered a serious concussion. *See attached* Exhibit C. Since the incident, Mr. Welch suffers with forgetfulness, mood disorders, and chronic disorganization. He also has a history of anxiety disorder and depression.

Mr. Welsch has dealt with mental health issues for most of his life. These issues were further exacerbated by his head injury in 2005, and in fact, that same injury has led to more mental health issues, contributing to the commission of his offenses. His inability to stay on task and forgetfulness led to his tax issues. He has almost no organizational ability, further exacerbating his tax issues.  Mr. Welsch's inability to remember and follow through on his commitments, deeply affected his ability to run a business properly, which in turn has brought Mr. Welsch to this point.

Additionally, Mr. Welsch is not in good physical health. He suffers from migraines, hypertension, and chronic pain in his neck and back. He frequently undergoes radio frequency nerve ablation for his back and cryotherapy to treat the pain in his neck. Recently, he underwent surgery on his back and now requires a cane to walk. He suffers from allergic conjunctivitis,

allergic rhinitis, and asthma. In addition, Mr. Welsch is in the process of being tested for sleep apnea.

Under 18 U.S.C. § 3553(a)(1) the Court must also consider Mr. Welsch's familial role. Mr. Welsch is the sole earner for his household. He supports his wife, two college-aged children, and a minor child. With him incarcerated, the family will have no income and will need to depend on the kindness of others. While it may appear, the simple solution is that his wife get a job during this period, under current circumstances this is impossible. Last month, the Welsch's oldest son, Conner, was hospitalized for severe pancreatitis. A portion of Conner's pancreas became necrotic and led to him being induced into a comatose state. He has undergone many procedures and still requires additional surgeries, one in particular that may be as long as eighteen hours in order to remove the necrotic portion of his pancreas. Unfortunately, the timeline for any future procedures is unsure due to the current level of internal inflammation and fluids. Connor did stabilize and was released from the ICU to home. Although he is no longer comatose, he still requires the use of a feeding tube and a drainage tube inserted in his abdomen. Also, he is medicated to be in a constant "twilight" state. Conner is currently stable, but his recovery will be slow and will significant daily care from both of his parents. Due to this, Mr. Welsch requests leniency so that he can aid in his son's recovery.

2. <u>Sentencing Purposes.</u>

The purposes of 18 U.S.C. § 3553(b) may be satisfied by a significant downward variance from the guidelines.

Mr. Welsch's conviction represents serious financial misconduct. He misappropriated funds of his clients and failed to pay federal income tax. As with all financial crimes, there are victims. Here, it is hard to measure the impact of the loss on the victims. The nature of Mr.

Welsch's business is collecting debts his clients have not been successful in collecting. Thus the only damage to a vast majority victims is the ability to hire another company to collect on their accounts. Lastly, the federal government did not receive its taxes timely. It is impossible to measure the impact of this on the United States, if any.

Deterring criminal conduct will not be served by a guidelines sentence. Specific deterrence is not at issue. Mr. Welsch will never return to work in debt collection because his business has been voluntarily shut down. In light of these charges, Mr. Welsch was forced to admit his deficiencies and the effect his mental health issues had on his ability to properly run a business. In order to prevent future harm and further criminal activity, he determined it would be best to find future employment working for someone else in a different industry. Further, he has no history of criminal conduct.

In regards to respect for the law, Mr. Welsch submits that his crimes were not done out of disrespect for the law. This is evidenced by Mr. Welsch not only readily admitting to his guilt, but also his agreement to an accelerated investigation by the Internal Revenue Service ,which yielded the Information that Mr. Welsch pleaded to.  Instead Mr. Welsch's criminal acts were influenced by his reduced mental capacity. As stated above, Mr. Welsch has suffered from mental illness for much of his life. These mental deficiencies contributed, but did not cause, the circumstance in which he finds himself today. Mr. Welsch's crimes are an aberration in an otherwise lawful and exemplary life. The nature and circumstance of his offenses and his personal characteristics—both as a person and medically—alone support a significant downward variance. Importantly, the purposes of sentencing set out in 18 U.S.C. § 3553(b) are satisfied by a lenient sentence.

Wherefore, based on the above, Defendant Kevin Welsch respectfully moves for a downward variance from the guidelines for imprisonment, such that the sentencing includes home incarceration and probation.

> Respectfully submitted,
>
> \s\ Robert K. McBride
> Attorney for Kevin Welsch
> Taft Stettinius & Hollister, LLP
> 50 E. RiverCenter Blvd., Suite 850
> Covington, Kentucky 41011
> (859) 547-4308
> rmcbride@taftlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with the Clerk of Court for the United States District Court for the Eastern District of Kentucky using the CM/ECF system, which will send notification of such filing by electronic mail.

> /s/ Robert K McBride