UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 21-29-DCR

UNITED STATES OF AMERICA                                                                  PLAINTIFF

V.            **UNITED STATES'S SENTENCING MEMORANDUM**

KEVIN WELSCH                                                                              DEFENDANT

\* \* \* \* \*

Pursuant to the Court's order, the United States submits the following Sentencing Memorandum.  As set forth more fully below, the United States and the Defendant have jointly raised the same objection to the Presentence Investigation Report (PSR).  Once that objection is resolved, a sentence with the advisory Guideline range is appropriate.

I.    Factual Background and Procedural History

This case originated in March 2018, when one of the Defendant's clients contacted the Fort Thomas Police Department (FTPD) and advised that the Defendant owed her money.  At that time – and for several years before and after – the Defendant was employed as a debt collector.  When he was interviewed by law enforcement, the Defendant confirmed his client's allegations and promised to pay her; he failed to do so.  This sequence of events was oft-repeated; the Defendant's clients would confront him about money owed and he would either (1) fail to respond or (2) provide an inadequate response.  After receiving multiple, similar complaints from other creditors/clients, FTPD

sought assistance from the Federal Bureau of Investigation (FBI) and Internal Revenue Service's Criminal Investigation Division (IRS-CID).

Agents executed search warrants at the Defendant's home and office (RCC Services) in April 2019. An analysis of RCC's bank records revealed that, between January 1, 2013 and December 31, 2018, the Defendant collected approximately $837,111 from debtors, but paid only approximately $64,073 to creditors. As a result, the Defendant defrauded both debtors and creditors. The creditor never received its percentage of the money that the Defendant collected; and the debtor never received credit toward its balance. The debtor's credit history was also adversely affected because it continued to reflect late payments and unpaid debt. Only the Defendant was enriched. He also evaded the assessment of income taxes by failing to file tax returns during this same time period and using the money that he misappropriated for personal use under the guise of business expenses.

II.   Objections to the PSR

The United States and the Defendant have jointly objected to the two-level enhancement for abusing a position of public or private trust, pursuant to U.S.S.G. § 3B1.3. In determining whether a defendant occupies a position of trust, the Court focuses on the relationship between the defendant and the victim of the crime. *United States v. Tatum*, 518 F.3d 369, 373 (6th Cir. 2008). A "position of trust arises almost … by implication when a person or organization intentionally makes himself or itself vulnerable to someone in a particular position, ceding to the other's presumed better judgment some control over their affairs." *United States v. Gilliam*, 513 F.3d 614, 618

(6th Cir. 2003) (internal citations omitted).  The court in *Gilliam* noted that the examples in the commentary to 3B1.3 "translate directly to the types of relationships where a 'fiduciary duty' exists by implication (e.g., physician-patient, lawyer-client, officer-organization, etc.)." *Id*.  That duty is absent in this case.

The Sixth Circuit has clarified that this enhancement is appropriate where the position occupied by the defendant involved considerable discretion and authority.  *See, e.g., United States v. Smith*, 516 F.3d. 473 (6th Cir. 2008) (approving of enhancement where the executive director of a chapter of the American Red Cross embezzled funds from the nonprofit); *United States v. Hudson*, 491 F.3d 590, 596 (6th Cir. 2007) (approving of enhancement for contractor who had authority to develop a television station without supervision); *United States v. Kaminski*, 501 F.3d 655, 667 (6th Cir. 2007) (approving of application of enhancement to a defendant holding herself out as a doctor in the community); *Gilliam*, 315 F.3d at 616–17 (approving of enhancement for drug-and alcohol-counselor who acted as a contractor for the probation department).  In *United States v. Tribble*, 206 F.3d 634, 637 (6th Cir. 2000), the court held that "just because we trust a person to handle another person's property in the course of their job does not mean they occupy a 'position of trust' for the purposes of § 3B 1.3." *Id*.  In that case, the court held that a window-clerk who worked at the post office did not occupy a position of trust, despite having access to the computer system and money orders, and despite being infrequently audited.  *Id*.  The defendant in *Tribble* misappropriated postal funds by cashing checks made payable to the "Postmaster" from business customers,

entering the transactions into the computer and then voiding them out, and then issuing money orders to himself from the excess cash in his possession.  *Id*. at 635.

In this case, the Defendant was hired by clients to collect outstanding debts; he essentially stepped into his clients' shoes.  The relationship was more of a delegation (of duties) than one characterized by discretion.  On the other hand, the debtors who the Defendant defrauded vested him with authority (to access to their accounts and withdraw money), which he repeatedly exceeded by making unauthorized debits.  Missing from that relationship was any supervision/oversight, but also any fiduciary duty and managerial discretion/judgment.

III.     Recommended Sentence

When imposing a sentence in this case, and any other criminal case, the Court must select a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [section 3553(a)(2)]."  18 U.S.C. § 3553(a).  In doing so, the Court must consider the following, non-exhaustive factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed training, care, or treatment; (3) the guideline range (which in this case is 41-51 months); and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  *See* 18 U.S.C. § 3553(a).

A sentence at the low-end of the Guideline range would satisfy the foregoing factors. Contrary to the Defendant's suggestion, a sentence within the Guidelines would afford adequate deterrence, to the Defendant and others. "Because economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence.'" *United States v. Peppel*, 707 F.3d 627, 637 (6th Cir. 2013); *see also United States v. Musgrave*, 761 F.3d 602 (6th Cir. 2014) (remanding case for resentencing where the defendant was convicted of various fraud-related crimes and sentenced to one day of imprisonment, which was well below the applicable Sentencing Guidelines range of 57-71 months). The nature and circumstances of the Defendant's crimes can be characterized in much the same way: protracted, planned, and purposeful. A multi-front fraud, in which creditors, debtors, and the IRS were victimized, warrants a Guideline sentence.

        Respectfully submitted,

        CARLTON S. SHIER, IV
        ACTING UNITED STATES ATTORNEY

By:   /s/ Elaine K. Leonhard
       Assistant United States Attorney
       207 Grandview Drive, Suite 400
       Ft. Mitchell, Kentucky 41017-2762
       (859) 652-7035
       Elaine.K.Leonhard@usdoj.gov

**CERTIFICATE OF SERVICE**

On August 24, 2021, I electronically filed this response through the ECF system, which will automatically send a notice of electronic filing to all counsel of record.

/s/ Elaine K. Leonhard
Assistant United States Attorney